SHARON WILBURN, INDIVIDUALLY & ON BEHALF OF THE MINOR JONATHAN PHILLIP MATHERNE
v.
SUMMIT HOSPITAL, EARL K. LONG REGIONAL MEDICAL CENTER, CHARLES CHEHARDY, M.D., EMERGENCY MEDICINE PHYSICIANS, L.L.C., STACI CLIBURN, MARK WOODY, M.D., CHARLES GREESON, M.D., & GARY TURNER, M.D.
No. 2008 CA 0016.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Not Designated for Publication.
ROBERT T. TALLCY, BATON ROUGE, Louisiana, ATTORNEY FOR PLAINTIFF/Appellant/SHARON WILBURN & WAYNE MATHERNE, Individually & On Behalf Of The Minor Johnathan Phillip.
LORRAINE P. McLNNIS, DEBORAH A. VAN METER, MARGARET DIAMOND New Orleans, Louisiana, Attorneys for Defendant/Appellee AHS Summit Hospital, L.L.C.
JASON R. CASHIO BATON ROUGE, Louisiana Attorneys for Defendant/Appellee Dr. MARK WOODY, Dr. CHARLES GREESON, Dr. GARY TURNER.
FRANK A. FERTITTA BATON ROUGE, Louisiana Attorney for Defendant/Appellee Dr. CHARLES CHEHARDY.
JUDE D. BOURQUE Assistant Attorney General BATON ROUGE, Louisiana Attorney for Defendant/Appellee Attorney for State of Louisiana through EARL K. LONG Regional Medical Center.
Before: GAIDRY, McDONALD and McCLENDON, JJ.
MCDONALD, J.
Plaintiff, Sharon Wilburn, appeals the dismissal of her claims following the trial court's sustaining of exceptions of prescription filed on behalf of multiple defendants. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.
On December 17, 2001, Wilburn drove a motorcycle into a ditch, then sought medical treatment in the emergency room of Summit Hospital. A follow-up visit was made on January 10, 2002. On January 30, 2002, Wilburn went to Earl K. Long Medical Center with complaints of lower abdominal pain and irregular menstrual periods. A pelvic ultrasound was ordered, which was performed on February 13, 2002. The ultrasound revealed that Wilburn was 22 weeks pregnant.
On May 14, 2003, Wilburn filed a claim alleging medical malpractice against Summit Hospital in accordance with La. R.S. 40:1299 et seq. and subsequently amended the claim to add individual doctors as defendants, as well as Earl K. Long. The medical review panel released its findings as to Summit Hospital, Staci Cliburn, Dr. Charles Chehardy, Dr. Charles Greeson, Dr. Mark Woody and Dr. Gary Turner on June 5, 2006. The panel's opinion was that the evidence did not support a conclusion that the defendants failed to meet the applicable standard of care.
The opinion stated that the doctors properly evaluated the patient, and that even in cases of known pregnancy it is essential for emergency room physicians to exclude life-threatening injuries. The panel also concluded the x-ray studies ordered by Dr. Chehardy were appropriate for the history and trauma reported by the patient. Finally the panel stated that the radiation from a single pelvic x-ray is far below the limits that would adversely affect a fetus; the fetus was beyond the first trimester at which time the organs had been fully formed; and Jonathan had a genetic chromosomal defect, which bore little or no relationship to anything subsequent to conception.
Findings of a medical review panel convened to evaluate the claim against Earl K. Long were released on August 17, 2006. The panel found that there was no evidence to support a conclusion that the defendant failed to meet the applicable standard of care as charged in the complaint. While recognizing the unfortunate outcome of the pregnancy to the child, it found that such was not the result of the care the mother received at Earl K. Long, and noted the ongoing substance abuse on the mother's part, as well as her noncompliance with medical care and follow up.
On October 10, 2006, a petition for damages was filed in the Nineteenth Judicial District Court by Sharon Wilburn and Wayne Matherne, individually and on behalf of the minor, Jonathan Phillip Matherne. The petition alleged that Wilburn and Matherne were the parents of Jonathan, who was born on May 15, 2002 with serious physical problems, including a hole in the heart and Down's syndrome; that the defendants failed to act reasonably and appropriately in specified negligent acts or omissions; and that the defendants failed to timely discover Sharon Wilburn's pregnancy, depriving petitioners of the opportunity to terminate the pregnancy,
Plaintiffs also filed a motion and order to proceed in forma pauperis. On October 20, 2006, the trial court noted on the order pertaining to Mr. Matherne that no income information was provided and that it could not be signed "as is." No action was taken on Ms. Wilburn's motion and order.
Plaintiffs took no further action in the matter until after June 15, 2007, when an exception of prescription was filed on behalf of Summit Hospital. Shortly thereafter an exception of prescription was filed on behalf of Drs. Woody, Greeson and Turner. In July, the Attorney General filed an exception of prescription and motion for dismissal under C.C.P. arts. 1201(C) and 1672(C) on behalf of Earl K. Long, and Dr. Chehardy also filed an exception of prescription. On July 24, 2007, plaintiffs filed "Supplemental Facts Concerning Mover on Motion to Proceed In Forma Pauperis, " disclosing income information on Ms. Wilburn and the trial court granted her motion on July 26, 2007.[1] A first supplemental and amending petition was filed on August 7, 2007, alleging that following Jonathan's birth on May 15, 2002, plaintiffs obtained a legal consultation and discovered that they might have a cause of action for malpractice.
All exceptions were heard on August 13, 2007, at which time the trial court sustained the exceptions of prescription and dismissed all of the plaintiffs' claims against all of the defendants. A motion and order for new trial was filed and was denied by the trial court. This appeal followed. The plaintiff, hereafter appellant, asserts that the trial court erred in granting defendants' exceptions of prescription and also erred in dismissing all claims against all defendants.
Appellants argue that the petition was not prescribed on its face because plaintiffs did not learn until after May 15, 2002, that they may have a cause of action for malpractice. Therefore, the burden of proof was on the defendants, who offered no evidence or other proof of prescription at the hearing.
In finding that the plaintiffs' action had prescribed, the trial court noted that the petition alleged that the malpractice was failure to diagnose the pregnancy. Stating that the plaintiff knew in February 2002 that the pregnancy had not been diagnosed, the trial court concluded that the latest the plaintiff could have timely filed suit was February 2003. Since the medical malpractice complaint was filed on May 14, 2003, the exceptions of prescription were sustained and the plaintiffs' claims were dismissed.
Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 04-0620, 04-0647, 04-0684, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiffs claim is barred on its face, in which case the burden shifts to the plaintiff. Id. The prescriptive period for medical malpractice is provided in La. R.S. 9:5628, which provides in pertinent part, that no action for damages for injury against any physician, nurse, or hospital duly licensed under the laws of this state, arising out of patient care, shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
A straightforward reading of La. R.S. 9:5628 shows that the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery and a maximum three-year preemptive limitation from the date of the alleged act, omission or neglect to bring any such claims. See Campo v Correct, 01-2707 (La. 6/21/02), 828 So.2d 502, 509; Borel v. Young, 07-0419 (La. 11/27/07), ___ So.2d ___ . Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Id. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Id. A petition should not be found prescribed on the face if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the patient. Id. Clearly, the "discovery" referred to is of the alleged act of malpractice, not the discovery of its potential for asserting a claim of malpractice.
The petition alleges that the plaintiff was aware, in February 2002 that she was pregnant. Insofar as she claims she was damaged because the delay in receiving knowledge of the pregnancy deprived her of an opportunity to terminate the pregnancy, all of the elements necessary to commence the running of prescription were established by that date. Any claims based on the failure to diagnose the pregnancy were prescribed on the face of the petition. Therefore, the plaintiff had the burden of proving that prescription was interrupted or suspended. We find that the decision of the trial court dismissing the claim alleging malpractice for failure to diagnose the pregnancy is correct, and note that this cause of action is the only one stated on the face of the petition.
Appellant also argues that the trial court did not rule as to those claims related to the development of Jonathan Matheme's birth defects, "which were clearly identified in defendant Summit Hospital's second `B' argument" and that dismissal of all of plaintiffs' claims against all defendants was clear error. As heretofore noted, examination of the petition filed in this matter discloses only one legally sufficient claim for damages. This is set forth in paragraph 7 and states:" Alternatively, Defendants failed to timely discover Petitioner Sharon Wilburn's pregnancy and/or fetal defects on a timely basis, such that Petitioners were denied a reasonable opportunity to terminate the pregnancy." Considering that this claim is urged in the alternative and that the petition seeks damages on behalf of the minor, Jonathan Phillip Matherne, we surmise that it was appellant's intent to assert a separate claim on Jonathan's behalf related to the development of his birth defects. Moreover, appellants confirmed this in oral arguments and also asserted the right to amend the petition to do so.
As the supreme court noted in Bailey, medical malpractice cases involving birth defects and other prenatal injuries involve unique problems, not necessarily present in other medical malpractice cases. Bailey, 04-0620 at 9.19, 891 So.2d at 1279. After extensive analysis of the law and cases nationwide addressing the above described issues, the court held that prescription on the claims of both the mother and the child involving birth defects does not begin to run until the birth of the child. Therefore, these claims would not have been barred by prescription in February 2003.
Dr. Chehardy argues that claims against him are barred by peremption because he was not named as a defendant until the filing of the first supplemental and amending complaint. The record does not contain a copy of the first supplemental and amending complaint. It does contain a copy of the second supplemental and amending complaint filed with the medical review panel on February 6, 2006, which amends paragraph 1 of the original and first supplemental and amending complaint with regard to the named defendants. Based on the record before us, we do not know when individual doctors were named as defendants. Although claims against any defendants added in February 2006 are peremptively barred, there is no evidentiary basis upon which we can resolve this issue.
We have carefully reviewed the record and the law on the issues raised in this appeal. The merits of the underlying claims are not before us at this juncture and cannot be considered. We find that the interests of justice require that the matter be remanded to the trial court to allow the plaintiff to amend the petition in accordance with La. C. C. P. art. 934.
Based on the foregoing, we affirm the judgment of the trial court dismissing the claims of the mother, Sharon Wilburn, for failure to diagnose the pregnancy, vacate the judgment insofar as it sustained the exceptions relating to claimed damages for the development of the birth defects, and remand the matter to the trial court to allow plaintiffs to amend the petition within the delay allowed by the court.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] Mr. Math erne was deceased by this time.